**Mary DURANTE, Plaintiff,**

v.

**CBS INC., Defendant.**

**No. 90 Civ. 8186 (RPP).**

United States District Court, S.D. New York.

Aug. 19, 1991.

Ahronheim & Piech, Garden City, N.Y. by Kenneth S. Piech, for plaintiff.

CBS, Inc., New York City by Susanna M. Lowy, for defendant.

## OPINION

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff moves, pursuant to papers filed July 16, 1991, for an order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to vacate an order filed June 11, 1991, dismissing for failure to prosecute this complaint alleging violations of the Age Discrimination in Employment Act.

■ The motion to vacate under Rule 59(e) is untimely. It was not made within 10 days of entry.

Although the Court would have granted plaintiff's counsel an adjournment of the conference scheduled for 9:00 a.m. on June 11, 1991 for the reasons given in his affidavit, counsel at no time on June 7, June 10 or June 11, 1991 requested an adjournment. Calls by the Deputy Clerk to his office on June 11, 1991 were unavailing and the order dismissing the complaint was entered after a wait of over 40 minutes at 9:43 a.m. The Chambers file reflected plaintiff's counsel had not attended the only prior Court conference on April 4, 1991, but had a lawyer from another office attend who was not familiar with the case and was of no assistance to the Court.

■ With this history of disregard for Court-ordered appearances, the Court is disinclined to vacate its order of June 11, 1991. This determination is buttressed by the failure of plaintiff's counsel to reply to the answering affidavit of defense counsel served by mail on August 9, 1991, in which it is stated that plaintiff has totally failed to satisfy the administrative requirements for filing a claim in a District Court under the Age Discrimination in Employment Act. The complaint charges that plaintiff was forced into early retirement by defendant apparently on or around June of 1988. This action was commenced on December 21, 1990. No reply affidavit has been filed to show any filing with either the appropriate federal or state agency prior to commencing this action. Accordingly, plaintiff has failed to show any prejudice to it if the Court denies its motion. The motion to vacate is denied.

IT IS SO ORDERED.